**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| MATTHEW J. FULTON, ) ) Plaintiff, ) ) v. ) ) JOHNS HOPKINS UNIVERSITY, ) ) Defendant. ) ) | Civil Action No. 21-cv-02326-LKG Dated: June 23, 2022 |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

This civil action involves state law breach of contract and tort claims brought by plaintiff *pro se*, Matthew J. Fulton, related to the termination of his employment with Johns Hopkins University ("JHU"). *See generally* Compl., ECF No. 4; Def. Mot., ECF No. 12. JHU has moved to dismiss plaintiff's claims, pursuant to Fed. R. Civ. P. 12(b)(6), upon the ground that plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) (the "LMRA"). Def. Mot. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2021). For the reasons that follow, the Court (1) **GRANTS** JHU's motion to dismiss and (2) **DISMISSES** the complaint. Fed. R. Civ. P. 12(b)(6).

**II.   FACTUAL AND PROCEDURAL BACKGROUND**[1]

   **A.   Factual Background**

This civil action involves state law breach of contract and tort claims brought by plaintiff *pro se*, Matthew J. Fulton, related to the termination of his employment with Johns Hopkins University. Compl.; Def. Mem. at 2, ECF No. 12-1.

As background, plaintiff worked as a master plumber/pipefitter for JHU for more than

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl."); defendant's motion to dismiss ("Def. Mot."); and memorandum in support thereof ("Def. Mem.").

1

four years, until June 2019. Compl. In 2017, plaintiff suffered a stroke and returned to work with certain restrictions. *Id.* JHU terminated plaintiff's employment in June 2019, because plaintiff left work without authorization on three occasions. *Id.*

Plaintiff's position at JHU was in a bargaining unit represented by the Public Service Employees Local Union 572 Laborers' International Union of North America AFL-CIO (the "Union"). Def. Mem. at 1. And so, a collective bargaining agreement (the "CBA") between JHU and the Union, which was effective during plaintiff's period of employment, governed plaintiff's employment. *Id.*; Compl.

After JHU terminated plaintiff, the Union filed a grievance, challenging the termination. Def. Mem. at 1. JHU and the Union resolved this grievance without plaintiff returning to work. *Id.*

Plaintiff alleges that JHU breached the CBA by terminating his employment. Compl.; Def. Mem. at 2. Plaintiff also alleges that JHU wrongfully discharged him under the CBA's attendance and time management clause. Def. Mem. at 2. And so, plaintiff seeks to recover monetary damages from JHU. *See* Civil Cover Sheet at 2, ECF No. 1-11.

### B. Procedural Background

Plaintiff initially commenced this matter in the Circuit Court for Baltimore City on July 29, 2021. Def. Mem. at 1. On September 10, 2021, JHU removed the case to this Court. *See* Not. of Removal, ECF No.1.

On October 22, 2021, JHU filed a motion to dismiss this action, and a memorandum in support thereof, pursuant to Fed. R. Civ. P. 12(b)(6). *See* Def. Mot.; Def. Mem. On January 5, 2022, plaintiff filed a response in opposition to JHU's motion to dismiss. *See* Pl. Resp., ECF No. 15.

JHU's motion to dismiss having been fully briefed, the Court resolves the pending motion.

### III. LEGAL STANDARDS

#### A. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim, if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

#### B. The LMRA

Pursuant to Section 301 of the Labor Management Relations Act, United States district courts have jurisdiction to decide disputes arising under collective bargaining agreements between unions and employers. *See Barton v. House of Raeford Farms, Inc.*, 745 F.3d 95, 106-07 (4th Cir. 2014) (citing *McCormick v. AT&T Techs., Inc.*, 934 F.2d 531, 534 (4th Cir. 1991) (en banc)). Specifically, Section 301 of the LMRA provides that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Under certain circumstances, Section 301 preempts claims brought under state law. For example, breach of contract claims that are "founded directly on rights created by collective-bargaining agreements" and claims that are "substantially dependent on analysis of a

3

collective-bargaining agreement" are preempted by Section 301. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (quoting *Int'l Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 859 n.3 (1987)). In this regard, the United States Court of Appeals for the Fourth Circuit has recognized that when a claim requires factual and contractual examination of an employer's conduct, the collective bargaining agreement is implicated as a crucial component of analysis. *McCormick*, 934 F.2d at 536; *see also Davis v. Bell Atlantic-West Virginia, Inc.*, 110 F.3d 245, 248 (4th Cir. 1997) (citing *Teamsters Loc. 174 v. Lucas Flour Co.*, 369 U.S. 95, 102 (1962)) (holding that a claim is preempted by Section 301 when a breach of contract claim expressly alleges breach of a collective bargaining agreement); *Barton*, 745 F.3d at 106 (holding that an employee's claims will be preempted if based on terms and enforcement of collective bargaining agreement, as this implicates interpretation of agreement).

Section 301 preemption can also extend to tort actions. *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 369 (1990). A state law tort action may be preempted when the collective bargaining agreement delineates what duty is owed to a certain party through express and implied rights and obligations. *Clark v. Newport News Shipbuilding & Dry Dock Co.*, 937 F.2d 934, 937 (4th Cir. 1991) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 214-17 (1985)). This preemption occurs when: (1) "the tort claim is inextricably intertwined" with the labor agreement and (2) the state tort law seemingly defines the meaning of the contractual relationship. *Id.* (quoting *Allis-Chalmers*, 471 U.S. at 213); *see also McCormick*, 934 F.2d at 535 (holding that main question of "preemption analysis is not whether the source of a cause of action is state law, but whether resolution of the cause of action requires interpretation of a collective bargaining agreement."); *Verbal v. Giant of Maryland, L.L.C.*, 204 F. Supp. 3d 837, 843 (D. Md. 2016) (providing an example of a claim that is inextricably intertwined with agreement). And so, a state law tort claim for wrongful discharge should be preempted when the dispute is not about why an employee was terminated, but whether the employer complied with the discharge procedure required under a collective bargaining agreement.[2] *See id.* at 843-44.

---

[2] On the other hand, if the state law breach of contract or tort claim can be resolved without interpreting the collective bargaining agreement, to evaluate the employee's conduct or the employer's conduct and motive, these claims are "independent" and will not be preempted. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407, 410 (1988); *Verbal*, 204 F. Supp. 3d at 843.

IV.     **LEGAL ANALYSIS**

JHU has moved to dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(6), upon the ground that plaintiff's breach of contract and tort claims are preempted by Section 301 of the LMRA. *See generally* Def. Mem. Plaintiff counters that the Court may consider his claims and requests that the Court deny JHU's motion to dismiss. Pl. Resp. at 1.

For the reasons that follow, a careful reading of the complaint shows that plaintiff's breach of contract and tort claims are based directly upon rights or duties created by the CBA at issue in this matter. Given this, plaintiff's state law claims are preempted by Section 301 of the LMRA. And so, the Court (1) **GRANTS** JHU's motion to dismiss and (2) **DISMISSES** the complaint. Fed. R. Civ. P. 12(b)(6).

A.      **Plaintiff's Breach Of Contract Claim Is Preempted By The LMRA**

As an initial matter, a careful reading of the complaint shows that plaintiff's breach of contract claim is preempted by Section 301 of the LMRA. The United States Supreme Court has held that breach of contract claims that are "founded directly on rights created by collective-bargaining agreements" and claims that are "substantially dependent on analysis of a collective-bargaining agreement" are preempted by Section 301. *Caterpillar Inc.*, 482 U.S. at 394 (quoting *Hechler*, 481 U.S. at 859 n.3). The Fourth Circuit has also held that a breach of contract claim is preempted by Section 301 when the claim relies on allegations of breach of a collective bargaining agreement. *Davis*, 110 F.3d at 248.

Here, there is no dispute that plaintiff's position at JHU was governed by a collective bargaining agreement by and between JHU and the Union. *See generally* Def. Mem.; Compl. The complaint also makes clear that plaintiff alleges that JHU breached the CBA by terminating his employment. Compl. Because plaintiff expressly alleges that JHU breached the CBA in the complaint, his breach of contract claim is preempted by Section 301 of the LMRA. *Davis*, 110 F.3d at 248. And so, the Court must dismiss this claim. Fed. R. Civ P. 12(b)(6); *see also Caterpillar Inc.*, 482 U.S. at 394 (quoting *Hechler*, 481 U.S. at 859 n.3).

B.      **Plaintiff's Tort Claim Is Preempted By The LMRA**

Plaintiff's wrongful discharge claim is similarly preempted by Section 301. The United States Supreme Court has held that Section 301 preemption can extend to tort actions. *Rawson*,

492 U.S. at 369.  This Court has also held that a state law tort claim for wrongful discharge is preempted by Section 301 when the dispute is over whether the employer complied with the discharge procedure required under a collective bargaining agreement.  *Verbal*, 204 F. Supp. at 843-44.

That is exactly the claim asserted in this case.  Plaintiff alleges in the complaint that JHU wrongfully discharged him under the CBA's attendance and time management clause.  Compl.  And so, plaintiff's wrongful discharge claim is based upon his belief that JHU did not comply with certain discharge procedures required under the CBA.  *Id.*

Because this claim is inextricably intertwined with the CBA, plaintiff's wrongful discharge claim is preempted by Section 301 of the LMRA.  And so, the Court must also DISMISS this claim.  Fed. R. Civ. P. 12(b)(6); *see also Freeman v. Duke Power Co.*, 114 F. App'x 426, 530-31 (4th Cir. 2004) (holding that where breach of contract and wrongful discharge claims both relied on substantial collective bargaining agreement interpretation, the claims were displaced by Section 301).

V.  **CONCLUSION**

In sum, a careful reading of the complaint makes clear that plaintiff's state law breach of contract and tort claims are preempted by Section 301 of the LMRA.  And so, for the foregoing reasons, the Court:

1. **GRANTS** JHU's motion to dismiss; and

2. **DISMISSES** the complaint.

The Clerk is directed to enter judgment accordingly.

Each party to bear its own costs.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

6